UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Gary Richard Reid, | ) | Case No. 20-32023-tmb13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| St. Andrew Legal Clinic, | ) | Adversary No: |
| | ) | |
| Tamara Reid, | ) | |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT TO EXEMPT DEBT FROM** |
| | ) | **DISCHARGE** |
| vs. | ) | |
| | ) | |
| Gary Richard Reid, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Plaintiffs, St. Andrew Legal Clinic and Tamara Reid, by and through undersigned

counsel, files this Complaint pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(15) and alleges

the following in support of the requested relief:

## JURISDICTION

1.     This is an adversary proceeding in which the Plaintiffs are seeking that the Court order that Debtor's debt to Plaintiffs be exempt from discharge.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)-(J).

4.     Plaintiffs have standing to bring this action pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(15).

5.     Venue is proper pursuant to 28 U.S.C. §1409(a).

## BACKGROUND FACTS

6.     Defendant/Debtor was previously married to Plaintiff Tamara Reid.  They are the legal parents of one minor child.  Defendant/Debtor and Plaintiff Tamara Reid were divorced pursuant to Clackamas County Circuit Court case DR09030330.  The General Judgment of Dissolution was entered on December 21, 2009 granting Plaintiff Tamara Reid sole custody of the parties' minor child.

7.     On September 19, 2018, Defendant/Debtor filed a Motion for Modification of General Judgment of Dissolution of Marriage seeking sole legal custody of the parties' minor child.  On October 1, 2018, Defendant/Debtor, through counsel[1], filed an affidavit of service attesting that Plaintiff Tamara Reid had been served with the Motion. However, Plaintiff Tamara Reid, who was self-represented, had not been served.

8.     Defendant/Debtor and Defendant/Debtor's counsel had multiple opportunities to provide Plaintiff Tamara Reid with notice of the pending motion.  Defendant/Debtor did not take any steps to communicate to Plaintiff Tamara Reid that there was any pending

---

[1] All references to Defendant/Debtor's counsel in the background facts refer to Arusi Loprinzi, Defendant/Debtor's counsel in the domestic relations case, and not Defendant/Debtor's current counsel.

motion in the domestic relations case. On November 2, 2018, Defendant/Debtor filed a motion seeking a default judgment against Plaintiff Tamara Reid. The motion was granted and a default judgment was entered reversing the prior judgment and awarding Defendant/Debtor sole custody of the parties' minor child.

9.     Plaintiff Tamara Reid sought counsel and filed a Motion to Set Aside Default Judgment. Defendant/Debtor delayed the hearing on the motion to set aside the default judgment by having his prior counsel re-join the case and file a motion to postpone, claiming that the date was a scheduling conflict. Defendant/Debtor's counsel then withdrew from the case again and did not appear at the rescheduled hearing. Defendant/Debtor attempted additional delays, including emailing the judge the night before the hearing to ask for the hearing to be postponed again, without filing a motion for postponement.

10.     At the hearing, Defendant/Debtor testified that he had personally met with the process server down the street from the planned address of service, Plaintiff Tamara Reid's residence. What transpired between Defendant/Debtor and the process server is unknown. Ultimately, despite having the correct address for Plaintiff Tamara Reid and a recent photograph of her, the process server did not serve Ms. Reid after this meeting. During the hearing, the process server was unable to correctly identify the location at which service was allegedly completed. Plaintiff Tamara Reid and counsel, Jordan Barbeau of Plaintiff St. Andrew Legal Clinic, presented evidence that Plaintiff Tamara Reid could not possibly have been home at the time service was allegedly completed. The default judgment was set aside on June 14, 2019, returning the case to the procedural stage of the pending modification of the dissolution judgment.

11.    Defendant/Debtor's counsel rejoined the case immediately after the default judgment was set aside.  Defendant/Debtor and Defendant/Debtor's counsel engaged in deliberate stalling tactics to further delay resolution of the modification.

12.    After counsel again withdrew from the case, Defendant/Debtor continued to delay and engage in bad faith negotiations.

13.    Defendant/Debtor attached a GPS tracking device to Ms. Reid's personal vehicle so that he could track her movements, presumably for leverage in the domestic relations case.  Defendant/Debtor pled no contest and was convicted of Unlawful Use of a Global Positioning Device in the Washington County Circuit Court on March 6, 2020.

14.    Defendant/Debtor agreed to a stipulated judgment in favor of Plaintiff Tamara Reid three days before trial.

## COUNT I: OBJECTION TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A): Liability for Debts Obtained by False Pretenses, False Representation, or Actual Fraud

15.    Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 6 – 14.

16.    The debt owed to St. Andrew Legal Clinic on behalf of Tamara Reid is the total of the legal fees incurred by contesting the default judgment that Defendant/Debtor obtained by misrepresenting to the Circuit Court that Ms. Reid had notice of the Motion to Modify, and by engaging in extensive settlement negotiations with Defendant/Debtor over a year and a half.  Defendant/Debtor did not act in good faith during these negotiations, repeatedly rejecting proposals for different and arbitrary reasons.  On the eve of trial, Defendant/Debtor agreed to return custody to Ms. Reid although he had

maintained for a year that he would not do that under any circumstances. Though the signature page was not provided to Ms. Reid's counsel until three days prior to trial, Defendant/Debtor had signed it the week before. Defendant/Debtor ignored multiple efforts by both St. Andrew Legal Clinic and the attorney representing the minor child to contact him in the interim period, refusing to even confirm whether the matter was settled when indeed he had already signed the agreement. This was part of a consistent pattern of delay and misrepresentation throughout the case.

17. The St. Andrew Legal Clinic is a non-profit firm that provides sliding scale legal services to the low-income community of Multnomah, Clackamas, Washington, Yamhill, and Columbia Counties. A disproportionate amount of time was expended in litigating the case due to Defendant/Debtor's misrepresentations to the court and to counsel. Debt that is owed as a result of Defendant/Debtor's false pretenses, false representations, or actual fraud is not subject to discharge, pursuant to 11 U.S.C. § 523(a)(2)(A).

**COUNT II: OBJECTION TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(15): Liability for Debts Owed to a Former Spouse by Order of a Court**

18. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 6-17.

19. Attached as Exhibit 1 is a true copy of the Supplemental Judgment permitting Plaintiff to seek attorney fees, and Plaintiffs' proposed Supplemental Judgment for attorney fees to be awarded. The judgment for attorney fees has not been signed, pending a temporary relief from the bankruptcy stay to permit the Circuit Court to consider the proposed judgment for the particular amount of fees to be awarded.

20.     Under the proposed Judgment, Defendant/Debtor would be indebted to Plaintiff in the amount of $28,192.50, though the court could order a downward reduction.

21.     This debt is non-dischargeable under 11 U.S.C. 523(a)(15) because it is owed to Plaintiff, the former spouse of Defendant, and is permitted by court order.  The specific amount is pending a determination by the Circuit Court.

22.     Defendant/Debtor is ordered to pay Plaintiff Tamara Reid's legal fees owed to the St. Andrew Legal Clinic based on his conduct both during and giving rise to the domestic relations proceedings.  Defendant/Debtor was ordered to resume paying child support to Ms. Reid as part of the judgment.  Child support had been reversed under Defendant/Debtor's default judgment.  The order from the Clackamas County Circuit Court is an additional domestic relations order against Defendant/Debtor and in favor of his ex-spouse and is not subject to discharge, pursuant to 11 U.S.C. § 523(a)(15).  See *Lustgarten v. Vann* (In re Vann), 2014 WL 505257 (Bankr. D. Conn. 2014).

WHEREFORE, the Plaintiffs respectfully request the Court:

1.     Declare and adjudge that any claim of St. Andrew Legal Clinic and/or Tamara Reid for legal fees incurred in litigating the default judgment and modification in Clackamas County Circuit Court case DR09030330 are exempt from discharge; and

2.     Award such other relief as is just and equitable.

September 25, 2020                                         Respectfully Submitted,

                                                                           __/s Jordan Barbeau_____
                                                                           Jordan Barbeau
                                                                           OSB # 176312
                                                                           jbarbeau@salcgroup.org
                                                                           St. Andrew Legal Clinic
                                                                           807 NE Alberta Street
                                                                           Portland, OR 97211
                                                                           Tel: 503-281-1500

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

Family Law Department

| In the Matter of: | ) | |
| GARY RICHARD REID, | ) | Case No. DR09030330 |
| | ) | |
| Petitioner, | ) | STIPULATED SUPPLEMENTAL |
| | ) | JUDGMENT OF CUSTODY, PARENTING |
| and | ) | TIME, AND CHILD SUPPORT |
| | ) | |
| TAMARA MARIE REID, | ) | |
| | ) | |
| Respondent. | ) | |

THIS MATTER comes before the Court on Petitioner's Motion for Modification and on the Stipulation between the parties. Petitioner, Gary Richard Reid is self-represented, and Respondent, Tamara Marie Reid appears by and through her attorney, Jordan Barbeau and St. Andrew Legal Clinic. The minor child is represented by John "Jack" Lundeen. It appears to the Court that the within cause is otherwise ready for a hearing on the merits; and the Court, being fully advised on the premises, hereby makes its

### FINDINGS OF FACT

1.      Petitioner (hereinafter "Father") and Respondent (hereinafter "Mother") were divorced pursuant to a General Judgment signed on December 21, 2009. Father filed a Motion to Modify Custody, Parenting Time, and Child Support on September 19, 2019. A Supplemental Judgement by default was entered on November 14, 2018, which was subsequently set aside pursuant to a hearing on June 14, 2019. This matter was set for trial on March 12, 2020.

2.      The parties are parents to one minor child, Michael Reid, age 11.

Page 1 – STIPULATED SUPPLEMENTAL JUDGMENT OF CUSTODY, PARENTING TIME, AND CHILD SUPPORT

EXHIBIT

1

1  3.  There are no other domestic relations matters pending in any jurisdiction involving

2 these parties.

3  4.  The addresses where the minor child has lived, and the persons lived with during the

4 past five years are as follows:

5  Dates:       Location:       With Whom Resided:

6  Feb. 2020 – present   Clackamas County, OR   Respondent

7  Oct. 2018 – Feb. 2020  Washington County, OR  Petitioner

8  May 25, 2008 – Oct. 2018 Clackamas County, OR   Respondent

9  5.  The State of Oregon has continuing jurisdiction to make child custody determinations

10 in this case under the Uniform Child Custody and Jurisdiction Act. Oregon is the child's home state

11 and the child and the child resided in the state of Oregon for the six months prior to the

12 commencement of this proceeding.

13  6.  Petitioner/Father and Respondent/Mother shall share joint legal custody of the minor

14 child, with Mother as a tie-breaker in the event of disagreement and as the primary residential parent.

15 The parents shall have parenting time with the minor child as outlined in the parenting plan, attached

16 as Exhibit A.

17  7.  The following factors have been taken into consideration in determining child support:

18   a.  Father has income of $7,626 per month;

19   b.  Mother has income of $2,956 per month;

20   c.  Father pays $325 per month for his own health insurance;

21   d.  Mother has no out of pocket cost for health insurance;

22   e.  Father has health insurance available for the minor child at a cost of $325;

23   f.  Father pays $376 a month in union dues; and

24   g.  Father has 70 overnights a year.

25 / / /

26 / / /

Based upon the above Findings of Fact and the Court being fully apprised herein:

IT IS HEREBY ORDERED, AND ADJUDGED:

1.

## CUSTODY

Mother and Father will share joint legal custody of the child. As of Michael's transfer to Mother's residence on February 28, 2020, Mother shall be designated as the primary residential parent. For any medical, educational, religious, or other major decision relating to Michael, the parties will first submit written proposals to each other through Our Family Wizard, and if needed, a counter proposal response from each parent. If agreement is unsuccessful, Mother shall have the final tie-breaking authority. Either parent shall have the right to petition the Court for a different decision. The parties shall engage in mediation prior to any trial on any disputed issue.

2.

## PARENTING TIME

The parties shall observe the parenting plan attached hereto as "Exhibit A."

3.

## CHILD SUPPORT

Petitioner/Father shall pay $546 each month toward the support, maintenance and care of the minor child. The first payment shall be due and owing on July 1, 2020 and a like payment shall be made on the first day of each month thereafter until each child has attained the age of 18, or 21 if a child attending school as defined by Oregon law, or is otherwise emancipated. The child support calculation is attached hereto as "Exhibit B," and incorporated herein by reference.

All payments for child support shall be submitted through the Oregon Department of Justice, Division of Child Support, P.O. Box 14506, Salem, Oregon 97309-0420. The Department of Justice shall provide collection, accounting, disbursement and enforcement services. Pursuant to ORS 25.378, child support shall be paid by income withholding by Petitioner's employer.

St. Andrew Legal Clinic · 807 NE Alberta Street, Portland, OR 97211 · 503-281-1500 · Fax: 503-282-5642

Any support payments made other than through the Oregon Department of Justice and not formally satisfied by Respondent shall be considered gifts and not child support. The parties shall share equally any expenses for hobbies/extra-curricular activities that have been mutually agreed to.

4.

**INSURANCE BENEFITS FOR THE MINOR CHILD**

A.    HEALTH INSURANCE:

Petitioner shall maintain the child enrollment in private health care through his employer so long as it is available at a reasonable cost and shall ensure that Respondent has a valid insurance card to use for the child's care. In the event that private insurance is unavailable to either party, Respondent shall ensure the child is covered by Oregon Health Plan.

The parties shall share equally the cost of any uninsured medical, dental, orthodontic, or optical expenses for the minor child. In all cases, the party seeking reimbursement from the other shall submit medical bills or other documentation to the other party within 30 days of incurring said uninsured medical expenses. The owing party shall pay the provider directly, or repay the party incurring out-of-pocket expenses, within 30 days after receiving the bill or statement. Any party that is responsible for late payments of any above costs shall bear the cost of any penalties incurred.

B.    LIFE INSURANCE:

Both parties shall maintain a life insurance policy insuring their lives in an amount not less than $100,000.00, naming the minor child as irrevocable beneficiary and the other parent as Trustee, until the child is 18. Each party shall instruct the insurance company to provide the other party with 30 days' written notice prior to the cancellation of this policy. The minor child shall have the right to receive accidental death benefits, if ever paid. Each party shall also maintain an equivalent disability insurance policy.

During the term of the obligation to maintain insurance, each party shall furnish to the other, upon request, a copy of such policy or policies, or evidence the proper life and disability insurance is in force, with the appropriate beneficiary designation in effect.

St. Andrew Legal Clinic · 807 NE Alberta Street, Portland, OR 97211 · 503-281-1500 · Fax: 503-282-5642

A constructive trust shall be imposed over the proceeds of any insurance owned by either party, or their estate after death, if either party failed to maintain insurance as required by this Stipulated Supplemental Judgment, or if another beneficiary is designated to receive the proceeds of said insurance. Each party shall be prohibited from borrowing any monies from or against said policies. Each party is required to comply with the provisions of ORS 107.820 concerning life insurance; they are required to provide and are ordered to provide the other party with proof of compliance with this provision within 60 days after a judgment is entered.

5.

## PARENTING BEYOND CONFLICT

Father shall attend Judith Swinney's class Parenting Beyond conflict. Mother has already attended. **Neither party shall move to modify custody or parenting time, or enforce any of the terms of the parenting plan without having first complied with this rule by either: completing the necessary program and filing the Certificate of Completion with the court; or securing a written waiver from the court in the manner described above.**

6.

## COURT COSTS AND ATTORNEY FEES

Either party and/or the child's attorney may submit a request for attorney fees and court costs pursuant to ORCP 68.

## MONEY AWARD – CHILD SUPPORT

| 1. | Judgment Creditor: | Tamara Marie Reid<br>Po Box 1721<br>Wilsonville Oregon 97070 |
|----|---|---|
| 2. | Creditor's Attorney: | Jordan Barbeau, OSB #176312<br>St. Andrew Legal Clinic<br>807 NE Alberta Street<br>Portland, OR 97211<br>Phone # 503-281-1500 |
| 3. | Judgment Debtor: | Gary Richard Reid<br>1190 NW 2nd Court<br>Hillsboro Oregon 97124 |
| | Year of Birth:<br>Social Security Number:<br>Driver's License State/No. | 1962<br>Separately submitted under UTCR 2.100 |

Page 5 – STIPULATED SUPPLEMENTAL JUDGMENT OF CUSTODY, PARENTING TIME, AND CHILD SUPPORT

| 4. | Debtor's Attorney: | N/A |
|---|---|---|
| 5. | Judgment Amount: | $ 546.00 per month beginning on July 1, 2020 and continuing until the child is emancipated, marries, reaches the age of 18 years, or ceases to qualify as "attending school" pursuant to the provisions of ORS 107.108(4) |
| 6. | Post Judgment Accrual: | 9% per annum, commencing with entry on each unpaid installment from the date due until paid |

Signed: 4/2/2020 02:28 PM

*Todd L. Van Rysselberghe*

_____

Circuit Court Judge Todd VanRysselberghe

Page 6 – STIPULATED SUPPLEMENTAL JUDGMENT OF CUSTODY, PARENTING TIME, AND CHILD SUPPORT

* * * * *

STIPULATIONS AND REPRESENTATIONS:

The parties acknowledge that the provisions of this Stipulated Supplemental Judgment are fair, adequate, and satisfactory. Except as otherwise provided herein, each party does hereby release the other from any liabilities, debts, or obligations of every kind and character heretofore incurred, and from any and all claims and demands, because the parties intend to settle all issues concerning their rights and obligations in all respects in this Stipulated Supplemental Judgment.

Each party shall cooperate in the execution of whatever documents might be necessary to accomplish the provisions set out in this Stipulated Supplemental Judgment.

Petitioner and Respondent expressly acknowledge that each fully understands the rights and liabilities regarding all provisions of this Stipulated Supplemental Judgment.

SO STIPULATED:

DATE: _MARCH 4, 2020_

_____
Gary Richard Reid, Petitioner

DATE: _March 9, 2020_

_____
Tamara Marie Reid, Respondent

SUBMITTED BY:

ST. ANDREW LEGAL CLINIC

APPROVED AS TO FORM:

_____
JORDAN BARBEAU, OSB #176312
Of Attorneys for Respondent

_____
JOHN W. LUNDEEN, OSB # 793075
Attorney for the Child

Page 7 – STIPULATED SUPPLEMENTAL JUDGMENT OF CUSTODY, PARENTING TIME, AND CHILD SUPPORT

*   *   *   *   *

Notices to Petitioner and Respondent:

Notice of Change in Information: Each party has the statutory duty to inform the Court and the Department of Justice of any change in any of the relevant data set forth in this Judgment within ten (10) days of such change.

Notice of Parental Authority of Non-custodial Parent (ORS 107.154): Unless otherwise limited by the Court in the preceding Supplemental Judgment, the non-custodial parent shall have the following authority:

1.    To inspect and receive school records and to consult with school staff concerning each child's welfare and education, to the same extent as the custodial parent may inspect and receive such records and consult with such staff;

2.    To inspect and receive governmental agency and law enforcement records concerning each child to the same extent as the custodial parent may inspect and receive such records;

3.    To consult with any person who may provide care or treatment for each child and to inspect and receive each child's medical, dental and psychological records, to the same extent as the custodial parent may inspect and receive such records;

4.    To authorize emergency medical, dental, psychological, psychiatric, or other health care for each child if the custodial parent is, for practical purposes, unavailable; and

5.    To apply to be the child's conservator, guardian ad litem, or both.

Notice of Change of Residence (ORS 107.159): Neither parent may move to a residence more than 60 miles further distant from the other parent without giving the other parent reasonable notice of the change of residence and providing a copy of such notice to the court.

Notice of Income Withholding: This support order is enforceable by income withholding under ORS 25.372 to ORS 25.427. Withholding shall occur immediately whenever there are arrearages at least equal to the support payment for one month, whenever the obligated parent requests such withholding or whenever the obligee requests withholding for good cause. The District Attorney or, as appropriate, the Division of Child Support of the Department of Justice, will assist in securing such withholding. An exception to withholding may be granted if good cause is found to exist or the parties agree in writing to another arrangement. If support payments are sent to the Department of Justice in Salem, the exceptions may be limited.

Violation of Child Support and Parenting Time (Visitation) Orders (ORS 107.106): Oregon law recognizes that child support and parenting time orders are designed for the child's benefit. A parent ordered to pay support must comply with the child support order even if the parent is not receiving the parenting time with the child that the Court allowed. Similarly, a parent with whom a child lives must comply with the parenting time order even if the parent is not receiving the court ordered child support.

Violation of a child support order or a parenting time order is punishable as a contempt of court by fine, imprisonment or other penalties.

Publicly funded help is available to establish, enforce and modify child support orders. Services to establish paternity are also available. Contact your local district attorney or the Department of Justice at 1-503-378-5567 for information.

Publicly funded help may be available to establish, enforce and modify parenting time orders. Forms are available to petition the court to enforce such orders. Contact the domestic relations or civil court clerk in your county courthouse for information.

Notice Regarding Payment of Child Support: The giving of gifts or making purchases of food or clothing and the like does not fulfill the obligation to pay support. A party who marries or accepts additional obligations of support does so with the full knowledge of that party's prior obligation under this proceeding.

Child support is based on annual income. It is the responsibility of a person with seasonal employment to budget income so that payments are made regularly throughout the year as ordered.

Page 8 – STIPULATED SUPPLEMENTAL JUDGMENT OF CUSTODY, PARENTING TIME, AND CHILD SUPPORT

Notice of Periodic Review: If child support payments are routed through the Oregon Department of Justice, your local District Attorney or, if you are receiving public assistance, the Oregon Department of Justice, Division of Child Support, will, at your request, review the child support amount every three years to ensure that it approximates the amount required under the Oregon child support guidelines. This service is provided at no cost to you, but you must initiate the request. This may result in an increase or a decrease in the support amount, depending upon whether or not there has been a change in the financial circumstances of one or both of the parties. This review is only available in cases where child support payments are routed through the Department of Justice; in other cases, a modification of the child support obligation may be available upon a showing before the Court by either the Petitioner or the Respondent of a substantial change of circumstances.

Docketing of Judgment: This Judgment will be filed in the Circuit Court named in the caption on the first page, and it will be docketed as a judgment if it contains an order requiring one or both of the parties to pay money to the other. In any routine credit check, the docketed Money Award will show as an unpaid lien against the property of the person required to pay the judgment.

Notice of Limitation of Judgments: Under ORS 18.360(1), judgments generally expire after 10 years unless they are renewed. Your attorney will not automatically renew your judgment. You must keep track of the date of your judgment, and if it remains unpaid, you must renew the judgment within 6 months before it expires. Contact an attorney if you have any questions.

Under ORS 25.700, a money award for child support remains in effect for 25 years from the date it was entered. However, any other judgment, whether or not it is a money award, expires 10 years after it is entered, even if it is included in the same judgment as a money award for child support.

The custody and parenting time provisions of a Judgment remain in effect until terminated by the terms of the Judgment. They are not affected by the 10 year or 25 year limitations mentioned above.

St. Andrew Legal Clinic · 807 NE Alberta Street, Portland, OR 97211 · 503-281-1500 · Fax: 503-282-5642

## CERTIFICATE OF READINESS AND COMPLIANCE WITH UTCR 5.100

**I HEREBY CERTIFY THAT THIS PROPOSED ORDER OR JUDGMENT IS READY FOR JUDICIAL SIGNATURE BECAUSE:**

☒ Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted;

☐ Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me;

☐ I have served a copy of this order or judgment on all parties entitled to service and:

    ☐ No objection has been served on me;

    ☐ I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved;

    ☐ After conferring about objections, _____, agreed to independently file any remaining objection;

    ☐ The relief sought is against an opposing party who has been found in default;

    ☐ An order of default is being requested with this proposed judgment;

    ☐ Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise;

    ☐ This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection 4 of this rule.

DATED this __9th__ day of _____March_____, 2020.

ST. ANDREW LEGAL CLINIC


___/s Jordan Barbeau_____
Jordan Barbeau OSB#176312
Of Attorneys for Respondent

Exhibit A – Stipulated Parenting Plan

This parenting plan applies to Gary Reid, hereinafter "Father," Tamara Reid, hereinafter "Mother," and their son, Michael Reid, now age 11. The parents acknowledge and agree that it is in their son's best interest to have regular and frequent parenting time with each parent, and to see that his parents are able to work collaboratively and without conflict. Both parties agree commit to modeling healthy co-parenting for their son. The parties agree that minor changes to this parenting plan may be made by mutual written agreement in Our Family Wizard. If significant modifications are needed, the parties shall engage in mediation prior to initiating further court proceedings.

1. The parents shall only communicate through Our Family Wizard and will be conscientious in checking Our Family Wizard for messages, and will respond to messages within a reasonable period (48 hours unless there are extenuating circumstances). The parties shall not message frivolously, and will use calendar requests as much as possible to manage adjustments to parenting time. Neither parent shall use the child as a messenger or use Michael or Michael's devices to communicate parenting time changes or requests. The parties shall not communicate via phone, email, text, or social media. Either parent may attend any of Michael's school or sports activities, but shall not use these as opportunities to communicate with the other parent outside of Our Family Wizard.

2. Neither parent shall use alcohol, non-prescribed medication, or illegal drugs (or any substance containing THC) during their parenting time. Neither parent shall be under the influence within the 24 hours preceding their parenting time. Mother shall continue in AA programming. Mother's Soberlink will be used on her parenting time days approximately 30 minutes before she picks up or receives Michael and at approximately 9 AM, 3 PM, and 9 PM while Michael is in her care, until July 1, 2020. A failed Soberlink test will result in an immediate retest after fifteen minutes. If Mother fails a Soberlink test and re-test, she shall submit a UA test within 24 hours. If the UA confirms a failed test, a new one year period of Soberlink monitoring shall begin.

3. Either parent shall be able to contact Michael via phone or text during reasonable hours, and without any interference or monitoring by the other parent. The child may initiate any contact with the other parent at any time, including phone, text, email, or video chat, without interference or monitoring by the other parent. If one parent wishes to have a call scheduled at a particular time, they shall do so through Our Family Wizard using the calendar request system to schedule the call. Each parent shall ensure that Michael has a prepaid non-smartphone (talk and text only phone that has no internet access) that will be charged and available to Michael at all times on



that parent's time during that parent's time. Michael may have other devices at either parent's home, but no electronic devices shall be moved with Michael from one household to the other. If Michael's cell phone is unavailable, not functional, or otherwise not able to be used, the parent who has Michael in their care shall inform the other parent through Our Family Wizard that Michael is unable to use his own line, shall provide an alternate phone line that the other parent can call, shall ensure the call is successful, and shall charge, add minutes to, or fix the phone within 24 hours.

4. As of February 28, 2020, Michael's primary residence shall be with Mother, and Michael shall be enrolled in Mother's school district.

5. Once Michael transfers, Father shall have parenting time every other weekend from a Friday night drop off by Mother to Father's residence (no later than 8 pm depending on traffic, but Father can pick Michael up at school if his work schedule permits and he gives Mother reasonable notice through Our Family Wizard) to a Sunday night drop off by Father to Mother's residence at 6 pm on Sunday. Father shall also have weekday parenting time with pick up and drop off both taking place at Mother's residence (or the child's school, if Father's work schedule permits) and all transportation to be Father's responsibility. Unless otherwise agreed by the parties, the default schedule for Father's parenting time shall be every Tuesday preceding his weekend and every Thursday following his weekend, from after school/work until 8 pm. Mother will not unreasonably withhold other reasonable weeknight parenting time requested by Father through Our Family Wizard at least 48 hours in advance, so long as it does not conflict with existing academic, extracurricular, medical, or family plans.

6. Over the summer, each parent shall have one full uninterrupted week (meaning Friday to Friday) of parenting time in the months of June, July, and August, to begin or end with one of their normally scheduled weekends. Father and Mother will work together to set the summer schedule no later than May 1 each year. Other than these blocks, summer shall be on the regular schedule.

7. The holiday schedule will be as follows:

    a. Winter Break: The parents will alternate Christmas Eve and Christmas Day. In odd-numbered years, Michael shall be with Father from noon on Christmas Eve until noon on Christmas Day and with Mother from noon Christmas Day until noon on December 26th. In even-numbered years, Michael shall be with Mother from noon on Christmas Eve until noon Christmas Day and with Father from noon Christmas Day until noon on December 26th. In all years, Father shall have no fewer than five days of parenting time over the winter break. The additional four days shall either be observed consecutively attached to

Father's Christmas parenting time or consecutively attached to Father's regular weekend over the break, depending on the holiday calendar. The parties will set the winter break schedule in the Our Family Wizard calendar as soon as they receive the official school calendar at the start of each school year. If a parenting time exchange must occur on a parent's work day, the exchange shall be no later than 8 pm.

b. Thanksgiving: in even years, Mother shall have from 6 pm the Wednesday before Thanksgiving until 6 pm on the Friday following Thanksgiving. In odd years, Father shall have from 6 pm the Wednesday before Thanksgiving until 6 pm on the Friday following Thanksgiving.

c. Fourth of July: in odd years, Father shall have the day of the Fourth from 4 pm on the 4th of July through 10 am on the 5th of July. In even years, Mother shall have the day of the Fourth from 4 pm on the 4th of July through 10 am on the 5th of July.

d. Halloween: Whichever parent does not have overnight time on Halloween shall have two hours for trick or treating.

e. Michael's Birthday: Michael's birthday shall be observed on the usual parenting time schedule. The parent who does not have overnight parenting time on the day shall have two hours of parenting time to be scheduled with two weeks' notice to the other parent.

f. Spring break: the parents shall alternate spring break. In even years, Father shall have from 8 pm the Friday that begins the break until 6 pm on the Sunday before school resumes. In odd years, Mother shall have from 8 pm the Friday that begins the break until Michael's return to school.

g. Mother's Day/Father's Day: each parent shall have parenting time on their respective day from 11 am to 6 pm, unless otherwise agreed to by the parties.

8. Unless otherwise agreed between the parents, parenting time shall begin or end with a pick up or drop off to/from the parents' residences. All parenting time exchanges shall take place curbside. The parent dropping off or picking up shall remain in their vehicle. The other parent shall not approach the vehicle. The parent dropping off shall be responsible for coordinating transportation if they are not driving Michael themselves.

9. Either parent shall be able to arrange transportation with any adult over 18 with a valid driver's license and current insurance. Both parties will produce copies of valid Oregon driver's licenses and current insurance that covers the driver and their vehicle in Oregon and shall keep their registration and insurance valid and up to date at all times.

10. Neither parent shall take the child out of state without two weeks' written notice to the other parent. Neither parent shall take the child out of the country without advance written permission of the other parent and at least two weeks' notice. The parties shall cooperate in getting Michael a passport in advance of any agreed upon international travel. Michael's passport shall remain in Mother's possession and released to Father for any permitted out of country travel one week prior to the scheduled departure. Overnight travel of any kind (in or out of state) will not be scheduled on the other parent's parenting time unless mutually agreed in advance and scheduled through Our Family Wizard calendar requests. The parent arranging any travel will provide to the other parent: the phone number and location of where they will be staying if staying overnight, any applicable itinerary information e.g. flights, trains, or boat reservations.

11. Both parties shall take care to return any items the child brings with them on their parenting time, e.g. backpack, equipment/uniforms for afterschool sports, but Michael may keep whatever regular clothing or other items he chooses at either home.

12. The parties will collaboratively discuss any extracurricular expenses that may be appropriate to share, but generally will be responsible for those extracurricular events/activities that they schedule on their own time.

13. Neither party shall schedule extracurricular activities or medical or other appointments on the other parent's time unless by mutual agreement or unavoidable necessity, e.g. if Michael wants to sign up for a sport or other activity that takes place every week, the parties will discuss and coordinate to share registration fees and equipment costs, and both parties will ensure Michael is able to participate in the activity during their respective parenting time.

14. Both parents shall continue to have the following rights under ORS 107.154 to the same extent as the other parent:

    a. To inspect and receive school records and to consult with school staff concerning the child's welfare and education;

    b. To inspect and receive governmental agency and law enforcement records concerning the child;

    c. To consult with any person who may provide care or treatment for the child and to inspect and receive the child's medical, dental and psychological records;

    d. To authorize emergency medical, dental, psychological, psychiatric or other health care for the child if the custodial parent is, for practical purposes, unavailable; or

    e. To apply to be the child's conservator, guardian ad litem or both.

15. Affection and Respect:

a. Each parent shall exert every effort to maintain free access and open contact between the child and the other parent.

b. Both parents shall be able to attend any event, including school, sports, religion, or other events in which the child participates.

c. Each parent shall foster affection and respect between the child and the other parent.

d. Neither parent shall do anything that would estrange the child from the other parent, or that would diminish the love and affection that they have for the other parent. Neither party shall allow the minor child to address any third party as "Mother" or "Father" or any similar names suggesting biological parentage.

e. Neither parent shall do anything that would injure the opinion of the child or that would impair the natural development of their love and respect for the other parent. Mother and Father are restrained and enjoined from making any derogatory comments about each other to, or in the presence of, the child. Neither parent shall permit any friend or family member to make derogatory comments about the other parent to a child or in the presence of the child.

## CHILD SUPPORT WORKSHEET
OAR 137-050-0700 to 137-050-0765
oregonchildsupport.gov

### 1. INCOME

|  |  | Tamara<br>Mother | Gary<br>Father | |
|---|---|---|---|---|
| 1a | **Income** | $ 2,956.00 | $ 7,626.00 | |
| 1b | **Additions and subtractions** | | | |
|  | Add spousal support owed to the parent by anyone. | $ | $ | |
|  | Subtract spousal support the parent owes to anyone. | $ | $ | |
|  | Subtract mandatory union dues. | $ | $ 376.00 | |
|  | Subtract cost of the parent's own health insurance. | $ 0.00 | $ 325.00 | |
|  | **Income after additions and subtractions** | $ 2,956.00 | $ 6,925.00 | |
| 1c | **Number of non-joint children**<br>Enter the number of non-joint children for each parent. | 0 | 0 | |
| 1d | **Number of joint minor children**<br>Include 18-year-olds attending high school and living with a parent. | 1 | | **total** |
| 1e | **Number of joint Children Attending School age 18 to 20**<br>Exclude 18-year-olds attending high school and living with a parent. | 0 | | 1 |
| 1f | **Total number of children**<br>Add the number of non-joint children (line 1c), the joint minor children (line 1d), and the joint Children Attending School (line 1e) for each parent. | 1 | 1 | |
| 1g | **Non-joint child deduction**<br>Reference the <u>scale</u> using the parent's income after additions and subtractions (line 1b) and the parent's total number of children (line 1f). Divide the result by the total number of children and multiply by the number of non-joint children (line 1c). | $ 0.00 | $ 0.00 | |
| 1h | **Adjusted income**<br>Subtract non-joint child deduction (line 1g) from income after additions and subtractions (line 1b). Add the parents' adjusted incomes and enter amount in the "total" column. If less than zero, enter $0. | $ 2,956.00 | $ 6,925.00 | **total**<br>$ 9,881.00 |
| 1i | **Each parent's income share percentage**<br>Each parent's adjusted income (line 1h) divided by the total. | 29.92% | 70.08% | |
| 1j | **Income available for support**<br>Subtract the $1215 self-support reserve from each parent's adjusted income (line 1h). If less than zero, enter $0. | $ 1,741.00 | $ 5,710.00 | |

### 2. BASIC SUPPORT OBLIGATION

| 2a | **Basic support obligation (from obligation scale)** | | | **total** |
|---|---|---|---|---|
|  | Reference the <u>scale</u> using the total adjusted income (line 1h) and the number of joint children (lines 1e+1d). Enter this amount in the "total" column. | | | $ 1,076.00 |
| 2b | **Basic support obligation after self-support reserve** | Tamara | Gary | |
|  | Enter the lesser of: 1) basic support obligation (line 2a) multiplied by each parent's income share percentage (line 1i); or 2) the parent's income available for support (line 1j). | $ 321.94 | $ 754.06 | |



EXHIBIT
B

## 3. CHILD CARE COSTS

| | | Tamara | Gary | caretaker |
|---|---|---|---|---|
| 3a | **Child care costs for joint children under 13 or disabled** Enter the cost in the column of the parent or caretaker paying the cost. Costs may not exceed the Department of Human Services maximum rate. | $ 0.00 | $ 0.00 | $ |
| 3b | **Income available for child care costs** Subtract each parent's basic support obligation (line 2b) from each parent's income available for support (line 1j). | $ 1,419.06 | $ 4,955.94 | |
| 3c | **Parents' shares of child care costs** Multiply each parent's income share percentage (line 1i) by the total of all child care costs (line 3a) and enter the lesser of that amount or income available for child care costs (line 3b). | $ 0.00 | $ 0.00 | |
| 3d | **Support obligation after adding child care costs** Add child care costs (line 3c) to the basic support obligation (line 2b). | $ 321.94 | $ 754.06 | |

## 4. HEALTH CARE COVERAGE

| | | Tamara | Gary | |
|---|---|---|---|---|
| 4a | **Health care coverage costs for joint children** Enter the amount each parent pays for health insurance premiums, even if $0. Enter "none" if appropriate coverage is not available. | $ None | $ 325.00 | |
| 4b | **Income available for health care coverage** Subtract support obligation after adding child care costs (line 3d) from income available for support (line 1j). | $ 1,419.06 | $ 4,955.94 | |
| 4c | **Reasonable cost for health care coverage** Enter the lesser of each parent's income available for health care coverage (line 4b) or 4% of each parent's adjusted income (line 1h). Enter $0 if the parent's income (line 1a) is at or below Oregon's highest minimum wage. Round to the nearest dollar. Total the results under **total**. | $ 118.00 | $ 277.00 | **total** $ 395.00 |
| 4d | **Determine whose coverage is available at a reasonable cost** Compare each parent's health care coverage cost (line 4a) to the total reasonable cost amount (line 4c). Indicate by name who can provide coverage: neither parent, one parent, either parent, or both parents. Only include a parent with income at or below Oregon's highest minimum wage if that parent's coverage is available at no cost. | Gary | | |
| 4e | **Order health care coverage at a higher amount?** Enter **"yes"** to find any available health care coverage reasonable in cost even though it exceeds the amount in line 4c. This may leave the parents with less than the self-support reserve (line 1j), but may not require a parent with income at or below Oregon's highest minimum wage to pay. Update line 4d. Otherwise, enter "no". | No | | |
| 4f | **Who will provide health care coverage?** Select the parent(s) with coverage available at a reasonable cost (line 4d) who will provide coverage. Add the costs of the selected coverage from line 4a and enter the amount in the total column. If neither parent can provide coverage now, select "either parent when available" and enter $0. | Gary | | **total** $ 325.00 |

| 4g | Parents' percentage share of health care coverage costs Divide each parent's reasonable cost for health care coverage by the total amount on line 4c. | | 29.87% | | 70.13% |
|---|---|---|---|---|---|
| 4h | Each parent's share of health care coverage costs Multiply the total cost of health care coverage that will be ordered (line 4f) by each parent's percentage share of health care coverage costs (line 4g). | $ | 97.08 | $ | 227.92 |
| 4i | Support obligation after adding health care coverage costs Add the support obligation after child care costs (line 3d) to each parent's share of health care coverage costs (line 4h). | $ | 419.02 | $ | 981.98 |

## 5. CASH MEDICAL SUPPORT

| | | election y/n/c |
|---|---|---|
| 5a | **Cash medical support election** Enter "**y**" for **yes** if no appropriate health care coverage is available (line 4f). Cash medical will be included. Enter "**n**" for **no** if appropriate health care coverage is available or if a finding will be included in the order explaining why cash medical should not be included. Cash medical will be excluded. Enter "**c**" for **contingent** if the obligated parent will pay cash medical support whenever the obligated parent does not provide health care coverage. Contingent cash medical will be included. | n |

| 5b | **Cash medical support amount** | Tamara | Gary |
|---|---|---|---|
| | If line 5a is "**y**", enter each parent's reasonable cost amount (line 4c). If line 5a is "**n**", enter $0. If line 5a is "**c**", enter each parent's reasonable cost amount (line 4c). | $ 0.00 | $ 0.00 |

## 6. CREDITS

| | | Tamara | Gary | caretaker Or agency |
|---|---|---|---|---|
| 6a | **Average number of overnights (or equivalent)** Enter each parent's and caretaker's average number of overnights with the joint minor children. | 295 | 70 | |
| 6b | **Parenting time credit percentage** **This is not the same as the percentage of parenting time.** Determine the appropriate parenting time credit percentage as provided in OAR 137-050-0730 using the average number of overnights (line 6a). | 91.72% | 8.28% | |
| 6c | **Parenting time credit** Multiply the basic support obligation (line 2a) by the number of joint minor children (line 1d), divide by the number of joint minor children (lines 1d + 1e), and multiply by each parent's parenting time credit percentage (line 6b). | $ 986.91 | $ 89.09 | |

| 6d | Child care credit Enter each parent's child care costs (line 3a). | $ 0.00 | $ 0.00 |
|----|------|------|------|
| 6e | Credit for health care coverage costs If health care coverage will be provided (line 4f), enter the health care coverage costs (line 4a) for each providing parent. | $ 0.00 | $ 325.00 |
| 6f | Support after credits Subtract credits (lines 6c, 6d, and 6e) from the support obligation after adding health care coverage costs (line 4i). This amount may be less than zero. | $ (567.89) | $ 567.89 |

## 7. WHO SHOULD PAY SUPPORT FOR MINOR CHILDREN?

|  |  | Tamara | Gary |
|----|------|------|------|
| 7a | Minor children's portion of basic support obligation Divide each parent's portion of the basic support obligation (line 2b) by the total number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). | $ 321.94 | $ 754.06 |
| 7b | Net obligation for minor children Add the minor children's portion of the basic support obligation (line 7a), each parent's share of child care costs (line 3c), and the minor children's portion of health care coverage costs (line 4h divided by total of lines 1d and 1e, multiplied by line 1d). Subtract parenting time credit (line 6c), child care credit (line 6d), and the minor children's portion of health care coverage costs credit (line 6e divided by total of lines 1d and 1e, multiplied by line 1d). May be less than zero. | $ (567.89) | $ 567.89 |
| 7c | Which parent(s) should pay support for minor children? Enter "Yes" in the column of the parent with the higher net support for minor children (line 7b). Enter "No" in the other parent's column. Enter "No" for both parents if the parents' line 7b figures are equal or there are no minor children (line 1d). If the children live with a caretaker or are in state care, enter "Yes" in both columns. | No | Yes |

## 8. MINIMUM ORDER; REDUCTION FOR BENEFITS PAID TO CHILD

|  |  | Tamara | Gary |
|----|------|------|------|
| 8a | Total support payment obligation, including medical support To each parent's support obligation after credits (line 6f), add the greater of the health care coverage premium costs that will be ordered (line 6e) or cash medical support (line 5b). | $ (567.89) | $ 892.89 |
| 8b | Is there a need to apply an exception to the minimum order presumption? If line 8a is less than $100 and the parent has an exception to the minimum order as provided in OAR 137-050-0755, enter "yes" in that parent's column. Otherwise, enter "no." | No | No |
| 8c | Amount needed to meet minimum order If a parent has a total support payment obligation of less than $100 (line 8a), and does not have an exception to the minimum order (line 8b), subtract line 8a from $100. This is the increase needed to reach the $100 minimum order. Otherwise, enter $0. | $ 667.89 | $ 0.00 |

| 8d | Cash child support obligation after minimum order | | |
|---|---|---|---|
| | Add amount needed to meet minimum order (line 8c) to support after credits (line 6f). But, if the parent should not pay support for minor children (line 7c), and there are no Children Attending School (line 1e), enter $0. If less than zero, enter $0. | $  0.00 | $  567.89 |
| 8e | **Reduction for Social Security or veterans benefits** | | |
| | Enter the amount of benefits paid to the joint child because of a parent's disability or retirement as provided in OAR 137-050-0740 in the disabled or retired parent's column. If the parent is obligated to pay support, the support obligation will be reduced by this amount. | $  0.00 | $  0.00 |
| 8f | **Cash child support after Social Security or veterans benefits** | | |
| | From cash child support after minimum order (line 8d), subtract reduction for Social Security or veterans benefits (line 8e). If less than zero, enter $0. | $  0.00 | $  567.89 |
| 8g | **Remaining reduction to apply to cash medical support** | | |
| | Enter the amount of Social Security or veterans benefits in excess of cash child support (line 8e minus line 8d). If less than zero, enter $0. | $  0.00 | $  0.00 |
| 8h | **Cash medical support after Social Security or veterans benefits** | | |
| | From cash medical support (line 5b), subtract remaining reduction for Social Security or veterans benefits (line 8g). If less than zero, enter $0. | $  0.00 | $  0.00 |

## 9. FINAL SUPPORT AMOUNTS AND MEDICAL SUPPORT PROVISIONS

| | | *Tamara* | *Gary* |
|---|---|---|---|
| 9a | **Cash child support for minor children** | | |
| | If the parent should pay support for minor children (line 7c), divide cash child support after Social Security or veterans benefits (line 8f) by the number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). Round to the nearest dollar. Otherwise, enter $0. | $  0.00 | $  568.00 |
| 9b | **Cash medical support for minor children** | | |
| | If the parent should pay support for minor children (line 7c), divide the cash medical support amount after reductions (line 8h) by the number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). Round to the nearest dollar. Otherwise, enter $0. | $  0.00 | $  0.00 |
| 9c | **Cash child support for Children Attending School** | | |
| | Divide cash child support after Social Security or veterans benefits (line 8f) by the number of joint children (lines 1d + 1e) and multiply by the number of Children Attending School (line 1e). But, if the parent should not pay support for minor children (line 7c), enter the full amount from line 8f. Round to the nearest dollar. | $  0.00 | $  0.00 |
| 9d | **Cash medical support for Children Attending School** | | |
| | Divide the cash medical support amount after reductions (line 8h) by the number of joint children (lines 1d + 1e) and multiply by the number of Children Attending School (line 1e). Round to the nearest dollar. But, if the parent should not pay support for minor children (line 7c), enter the full amount from line 8h. Round to the nearest dollar. | $  0.00 | $  0.00 |

| | | | |
|---|---|---|---|
| 9e | **Total child support**<br>Add all cash child support and cash medical support (lines 9a-9d). | $ 0.00 | $ 568.00 |
| 9f | **Private health care coverage**<br>Who should be ordered to provide health care coverage? Enter the selection from line 4f. | Gary | |
| 9g | **Reasonable cost for health care coverage**<br>Enter the "total" reasonable in cost amount from line 4c.<br>But, if health care coverage will be ordered at a higher amount (line 4e) enter *the greater of* 1) the line 4c total, or 2) the line 4f total. | $ 395.00 | |

## 10. AGREED SUPPORT AMOUNT (optional)

Only complete this section if the parties agree to a change in the support amount.
The parents may increase or decrease the support amount by up to 15%.

| | | Tamara | Gary |
|---|---|---|---|
| 10a | **Maximum permitted change**<br>Multiply each parent's total adjusted child support (line 9e) by 0.15. | $ 0.00 | $ 85.20 |
| 10b | **Amount of agreed change to child support obligation (+/-)** | $ | $ |
| 10c | **Actual percentage change**<br>Divide the amount of agreed change (line 10b) by total child support (line 9e). | | |
| 10d | **Agreed cash child support obligation for minor children**<br>Increase or decrease line 9a by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10e | **Agreed cash medical support obligation for minor children**<br>Increase or decrease line 9b by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10f | **Agreed cash child support obligation for Children Attending School**<br>Increase or decrease line 9c by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10g | **Agreed cash medical support obligation for Children Attending School**<br>Increase or decrease line 9d by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10h | **Total agreed child support**<br>Add all agreed cash child support and cash medical support (lines 10d-10g). | $ | $ |

# PARENTING TIME WORKSHEET
## OAR 137-050-0730

**Use this worksheet to help determine the average parenting time overnights when calculating child support for more than one child and there are different parenting time amounts for each child.**

**Enter the number of parenting time overnights (based on a two-year average) each party has with each child.** A party can be a parent, a caretaker, or the state if the child is in state care.

For help calculating parenting time under a parenting plan, see the Parenting Plan Calculator at
oregonchildsupport.gov/calculator/parenting_time

**Include a Child Attending School age 18, living with a parent, and attending high school. Do not include any other Child Attending School.**

| | Children's names | Overnights | | |
|---|---|---|---|---|
| | | Tamara | Gary | |
| | Michael | 295 | 70 | 0 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| a | Total the number of overnights for each party | 295 | 70 | |
| b | Enter the total number of minor children | 1 | | |
| c | Divide the total number of overnights for each party (line a) by the total number of children (line b). This is the party's average parenting time overnights for the minor children. | 295 | 70 | |

# CHILD SUPPORT CALCULATION SUMMARY

oregonchildsupport.gov

> This calculation summary is not an order. It is a summary of the type and amount of support
> that could be ordered based on this calculation. An individual's actual obligation can only be
> established by court or administrative order in accordance with the laws of Oregon.
> For the actual terms of the judgment, see the judgment and money award.

**The monthly guideline support amount for Tamara** is:

| | | |
|---|---|---|
| Support for the minor children | $ | 0.00 |
| Support for the children attending school | $ | 0.00 |
| Cash medical support | $ | 0.00 |
| Private health care coverage for the children not to exceed   N/A | | |

**The total monthly guideline support amount is:** $ 0.00

**The monthly guideline support amount for Gary** is:

| | | |
|---|---|---|
| Support for the minor children | $ | 568.00 |
| Support for the children attending school | $ | 0.00 |
| Cash medical support | $ | 0.00 |
| Private health care coverage for the children not to exceed $ 395.00 | | |

**The total monthly guideline support amount is:** $ 568.00

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

In the Matter of:       )
            ) CASE NO.:  DR09030330
GARY RICHARD REID**,**    )
            ) **SUPPLEMENTAL JUDGMENT RE:**
       Petitioner, ) **ATTORNEY FEES AND COSTS and**
  and        ) **MONEY AWARD**
            )
TAMARA MARIE REID**,**    ) ORCP 68C
            )
       Respondent. )
            )

   This matter came before the court on a Stipulated Supplemental Judgement for Custody and

Parenting Time and was signed by Circuit Court Judge Todd Van Rysselberghe on April 2, 2020. The

judgement included the provision that any party may move for attorney fees under O.R.C.P 68.

Judgment is ordered to be entered as attorney fees and costs in favor of **Respondent** and against

**Petitioner, Gary Richard Reid**, in the amount of $28,192.50.

   The Court makes the following SPECIAL FINDINGS:

  1.  Respondent is the prevailing party as to parenting time and child support.  Respondent

     incurred attorney fees and costs in the action against Petitioner.

  2.  The Court found that Respondent earns substantially less income than Petitioner and

     therefore was under a greater hardship to pay legal costs and attorney fees.

  3.  Petitioner's actions caused unnecessary delay in the resolution of this case.

  4.  The Court considers the following factors in an award of attorney fees:

    __x__  The conduct of the parties in the transactions or occurrences that gave rise
        to the litigation, including any conduct of a party that was reckless, willful,
        malicious, in bad faith, or illegal.
    __x__  The objective reasonableness of the claims and defenses asserted by the
        parties.
    __x__  The objective reasonableness of the parties and the diligence of the parties
        during the proceedings.
    __x__  The time and labor required in the proceeding.

St. Andrew Legal Clinic · 807 NE Alberta Street, Portland, OR 97211 · 503-281-1500 · Fax: 503-282-5642

___x___ The fee customarily charged in the locality for similar legal services.

___x___ Such other factors as the court may consider appropriate under the circumstances of the case.

## MONEY AWARD (ATTORNEY FEES AND COSTS)

1. Judgement Creditor:     Tamara Marie Reid
PO Box 1721
Wilsonville, OR 97070

2. Creditor's Attorney:    Jordan Barbeau
St. Andrew Legal Clinic
807 NE Alberta St.
Portland, OR 97211
(503) 281-1500

3. Judgement Debtor:     Gary Richard Reid
PO Box 1135
Hillsboro, OR 97123

     Date of Birth:            provided separately
     Social Security No.:     provided separately
     Driver's License State/No.:  unknown

     Debtor's Attorney:     Lauren Walchli
Peterson, Peterson, Walchli, & Roberson LLP
130 NE Lincoln Street, Suite 100
Hillsboro, OR 97124

4. Judgment:             $28,192.50
5. Post-Judgment Accrual:    At statutory rate (9% per annum) on unpaid amounts.

_____

PREPARED AND SUBMITTED BY:

ST. ANDREW LEGAL CLINIC

_____
Jordan Barbeau OSB#176312
Of Attorneys for Respondent

Page 2 – SUPPLEMENTAL JUDGMENT RE: ATTORNEY FEES AND COSTS AND MONEY AWARD

## CERTIFICATE OF READINESS AND COMPLIANCE WITH UTCR 5.100

**I** HEREBY CERTIFY THAT THIS PROPOSED ORDER OR JUDGMENT IS READY FOR JUDICIAL SIGNATURE BECAUSE:

☐ Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted;

☐ Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me;

☐ I have served a copy of this order or judgment on all parties entitled to service and:

    ☐ No objection has been served on me;

    ☐ I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved;

    ☐ After conferring about objections, _____ agreed to independently file any remaining objection;

☐ The relief sought is against an opposing party who has been found in default;

☐ An order of default is being requested with this proposed judgment;

☐ Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise;

☐ This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection 4 of this rule.

DATED this _____ day of _____, 2020.

ST. ANDREW LEGAL CLINIC


_____
Jordan Barbeau OSB#176312
Of Attorneys for Respondent

St. Andrew Legal Clinic · 807 NE Alberta Street, Portland, OR 97211 · 503-281-1500 · Fax: 503-282-5642